UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. F., et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, et al.,<br><br>           Defendants. | Case No. 16-cv-06409-RS<br><br>**ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS** |

## I. INTRODUCTION

Last year, Stephanie Farraj filed suit against the Hayward Unified School District ("the district") and the Seneca Family of Agencies ("Seneca"), on behalf of her minor son, M.F., alleging that defendants mistreated M.F. and failed to provide him with an appropriate public education. Since then, the parties have engaged in formal settlement negotiations and reached an agreement to resolve the minor's claims. Farraj now moves for approval of that settlement. This court has a duty to ensure the terms of the settlement serve M.F.'s best interest and are fair and reasonable. Because the parties' compromise satisfies those requirements, the motion for approval is granted. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the August 10, 2017 hearing is vacated.

## II. BACKGROUND

M.F. is a nine-year-old boy who suffers from attention deficit hyperactive disorder, mood dysregulation disorder, and specific learning disorder. At age three, he was evaluated by the district and deemed eligible for special education services based on his disabilities. The district first placed M.F. in Building Blocks Therapeutic School, a school run by Seneca. M.F. was enrolled there for kindergarten and first grade, during which time he was allegedly subjected to

damaging physical restraints on a regular basis. For second grade, the district placed M.F. at Bowman Elementary School, a district elementary school with a Seneca-run therapeutic special day class. According to plaintiffs, M.F. continued to be subjected to harmful restraints and other mistreatment and harassment at Bowman. For third grade, M.F. was placed at Cherryland Elementary School, where he again continued to be mistreated. Over the years, Farraj expressed to the district her concerns over M.F.'s treatment. At one point, the district allegedly admitted to her that its employees had restrained M.F. not because it was appropriate, but because there were no rooms available for calming him down.

In November 2016, after M.F.'s third grade year, Farraj filed this action. Through formal settlement negotiations, the parties have now reached a global settlement agreement and proposed release, which includes a significant payment into a trust for M.F.'s educational expenses. M.F. is currently involved in a positive academic program at one of the district's schools, where he is apparently making progress and being treated appropriately.

### III. LEGAL STANDARD

Federal Rule of Procedure 17(c) requires district courts to take special care to safeguard the interests of minor litigants. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). When evaluating a proposed settlement of a minor's claims, district courts must conduct an independent "inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citation omitted). To that end, district courts must consider whether the proposed settlement is "fair and reasonable" as to each minor plaintiff. *Id.*

### IV. DISCUSSION

In exchange for dismissal of this action, defendants have agreed to pay $78,000, the majority of which will be allocated to M.F.'s educational expenses. Specifically, Seneca and the district will pay $26,000 and $24,000 respectively into a trust account to provide for M.F.'s special educational needs. In addition, the district will pay M.F.'s attorneys $28,000 for their fees and costs. The proposed resolution will help ensure M.F. receives the special education services he needs. The attorney's fees payment is reasonable in light of counsel's representation that they

have assisted plaintiffs on a contingency basis and that their fees to date have exceeded $57,000. The settlement thus reflects a fair and reasonable compromise intended for M.F.'s benefit.

## V. CONCLUSION

The motion to approve settlement of M.F.'s claims is granted.

**IT IS SO ORDERED**.

Dated: July 31, 2017

_____
RICHARD SEEBORG
United States District Judge

ORDER APPROVING MINOR'S COMPROMISE
CASE NO. 16-cv-06409-RS

3